UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RABBI JORGE A. BAR-LEVY,[1]

                Plaintiff,

-against-

LAURA FARNSWORTH DOGU; U.S.
EMBASSY IN HONDURAS;
U.S. DEPARTMENT OF STATE,

                Defendants.

23-CV-8925 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this application styled as an "Emergency Petition For A Writ Of Mandamus Pursuant To 28 U.S. Code § 1361." He seeks to compel the United States to "denounce the Republic of Honduras" and prevent the government from allegedly "committing Transnational Repression against [P]laintiff's family." (ECF 1 at 1.) Plaintiff also seeks cancellation of the visas of certain individuals to prevent them from entering the United States.

---

[1] Plaintiff has filed similar petitions seeking mandamus relief using the names Jose Anibal Torres Puello, and Jorge A. Torres, Jr. *See, e.g., Jose Anibal Torres Puello v. U.S. Embassy in Santo Domingo et al.*, No. 21-CV-0292 (LTS) (S.D.N.Y. July 26, 2021) (dismissing petition seeking mandamus relief based on allegations that individuals from the Dominican Republic were smearing Plaintiff as a pedophile and rapist); *Torres, Jr. v. United States Department of State*, No. 18-CV-9555 (KMK) (S.D.N.Y. Mar. 27, 2020) (dismissing petition for a writ of mandamus compelling the State Department to cease its "unconstitutional activities" and "religious persecution"); *Torres v. U.S. Dep't of State*, No. 12-CV-4885 (PKC) (S.D.N.Y. Oct. 1, 2012) (seeking order directing the U.S. Embassy in San Salvador to issue U.S. passports for Plaintiff's minor children).

By order dated October 12, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court denies Plaintiff's request for mandamus relief.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's petition for a writ of mandamus. Plaintiff is a United States citizen and Jewish rabbi. (ECF 1 at 1, ¶ 1.) In 2020, Plaintiff founded the "first and largest" Orthodox Jewish Synagogue in Honduras – the Ohr Chaim Synagogue in the City of San Pedro Sula. He also founded the "Republican Alliance of the Americas," which has the goal of promoting commerce, transparency, and civil rights. (*Id.*) Plaintiff brings this suit against Defendants United States Department of State; the United States Ambassador to Honduras, Laura Farnsworth Dogu; and the United States Embassy in Honduras.

Plaintiff contends that Ambassador Dogu has betrayed the "policy goals of the United States [and] is protecting and promoting the actions of [Honduran President Xiomara Castro de Zelaya] and [her] Axis of Evil against the United States." (*Id.* at 3, ¶ 9.)

Plaintiff has "contact[ed] the Federal Bureau of Investigation" to report that members of the Honduran government began an online disinformation campaign against him, spreading rumors that Plaintiff is a fugitive and convicted pedophile, who is neither Jewish nor a United States citizen. (*Id.* at 4.) They have also hired people "to commit the crimes of Stalking, Harassment, Hacking, Threatening of Family Members, [and] Jewish parishioners belonging to Plaintiff." (*Id.* at 3, ¶ 10.) Plaintiff contends that the Honduran government has "initiated a persecution against members of Plaintiff's Jewish Religious Community," which has caused some to flee and seek asylum in the United States. (*Id.*) Plaintiff asks for cancellation of the visas

3

of certain individuals (Ricardo Soto Castro and Rita Labibi Abdulkhalek Burgos) and an emergency writ of mandamus compelling Honduras to "cease all its illegal activities." (*Id.*)

## DISCUSSION

The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus, however, is a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted); *see also Cheney*, 542 U.S. at 381 ("[T]he petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." (internal quotation marks and citation omitted)). Accordingly, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (emphasis in original).

The Administrative Procedure Act (APA) provides for judicial review of federal agency action that is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Judicial review is unavailable, however, with respect to agency action that "is committed to agency discretion by law." *Id.* § 701(a)(2). Thus, Plaintiff's ability, if any, to obtain relief under either the mandamus statute or the APA turns on whether Defendants have a clear, nondiscretionary duty to take the actions that he requests. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." (emphasis in original)).

Plaintiff seeks cancellation of the visas of certain individuals and an emergency writ of mandamus compelling the Republic of Honduras to "cease all its illegal activities." (ECF 1 at 5.) These allegations do not show that Defendants have failed to perform a clear and indisputable duty. Plaintiff's allegations are therefore insufficient to obtain relief under the mandamus statute or the APA, and the Court therefore denies Plaintiff's request for mandamus relief.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his pleading.

## CONCLUSION

Plaintiff's request for mandamus relief, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: October 24, 2023
       New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge